IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-0019-WS |
| | ) |
| MONTEZ LESHA BISHOP, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter comes before the Court on defendant's Motion to Suppress (doc. 14) and Unopposed Motion to Continue Hearing on Motion to Suppress (doc. 25).[1]

Defendant, Montez Lesha Bishop, is charged in an eight-count Indictment (doc. 1) with various crimes arising from a string of four armed robberies of gas stations / convenience stores and a credit union during early December 2014. Of particular significance to the pending Motion to Suppress, the Indictment charges Bishop with robbing a New Horizons Credit Union in Bay Minette, Alabama, in violation of 18 U.S.C. § 1951(a), and with knowingly brandishing, using and carrying a firearm during that offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). A short time after the New Horizons robbery, law enforcement officers detained Bishop, searched his residence, and conducted a recorded, custodial interview.

Bishop's Motion to Suppress maintains that law enforcement officers violated his constitutional rights by conducting a warrantless search of the residence, and by interrogating him pursuant to a *Miranda* waiver that was invalid because of Bishop's intoxication and mental health issues. On that basis, defendant seeks the suppression of all physical evidence seized from the residence, as well as Bishop's statements during the custodial interrogation.

---

[1] Both the Motion to Suppress and the Motion to Continue are formatted improperly as single-spaced documents. Defense counsel is reminded that Local Rule 5.1(a)(1) requires that all pleadings, motions, briefs and other papers tendered for filing must be double-spaced.

With regard to the warrantless search of the residence, the Government maintains that the search was proper because it was made with the consent of Bishop's mother, who also lived there.  Of course, "[a] third party who has common authority over or other sufficient relationship to the premises or effects sought to be inspected may give valid consent to search an area." *United States v. Harris*, 526 F.3d 1334, 1339 (11th Cir. 2008) (citation and internal quotation marks omitted); *see also Fernandez v. California*, --- U.S. ----, 134 S.Ct. 1126, 1129, 188 L.Ed.2d 25 (2014) ("Our cases firmly establish that police officers may search jointly occupied premises if one of the occupants consents.") (footnote omitted).  To demonstrate the requisite consent, the Government asserts that Bishop's mother invited two officers into the home, signed a consent form authorizing the search of the residence, and never attempted to withdraw or curtail such consent while the home was being searched.  In response, Bishop challenges the voluntariness of this consent by pointing out that (i) the officers' narrative recognizes that Bishop's mother was upset and emotional; (ii) the consent form is ambiguous in that it repeatedly refers to (and provides a detailed description of) a vehicle as the property for which consent is being provided, with the word "vehicle" being scratched out and replaced with "residence" in the signature line; and (iii) the mother's silence once the search of the residence commenced does not prove that she consented to it.

"[T]he question of voluntariness is one of fact to be determined from the totality of the circumstances."  *United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002) (emphasis omitted).  "The government bears the burden of proving both the existence of consent and that the consent was not a function of acquiescence to a claim of lawful authority but rather was given freely and voluntarily."  *United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989).  From the limited factual presentation in the Government's brief, the Court cannot make a conclusive determination as to whether Bishop's mother freely and voluntarily consented to the search of her residence.  The consent form is highly confusing in that it appears to have been geared toward the search of a tan 2002 Chevy Malibu (rather than a residence).  Furthermore, Bishop's mother was understandably distraught at the time, and the Court has no information about what the officers may have said to Bishop's mother or what she may have said to them concerning the nature and scope of the requested search.  Accordingly, the Court agrees with defendant that an evidentiary hearing is needed to facilitate a factual determination as to whether Bishop's mother freely and voluntarily consented to the search of the residence.

With regard to the statements Bishop furnished to the police in a custodial interrogation after being Mirandized, such a *Miranda* waiver is effective only where the "totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension." *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995).  As to the latter element, "mental illness is certainly a factor that a trial court should consider when deciding on the validity of a waiver.  If a defendant cannot understand the nature of his rights, he cannot waive them intelligently." *Miller v. Dugger*, 838 F.2d 1530, 1539 (11th Cir. 1988).  Moreover, the Eleventh Circuit has recognized that "a defendant's impaired mental state (whether drug induced or otherwise) may prevent that person from understanding the nature of his or her waiver." *Barbour*, 70 F.3d at 585.  The information now before the Court does not allow a determination of whether Bishop's *Miranda* waiver "was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (citation and internal quotation marks omitted).[2]  Therefore, an evidentiary hearing is needed to receive evidence bearing on whether Bishop was unable (whether because of intoxication or mental illness) to appreciate the consequences of abandoning his rights when he gave statements to the interrogating officers.

---

[2] In its brief (doc. 23, at 7), the Government correctly states that mental illness, by itself, does not render a confession to have been involuntarily coerced unless law enforcement exploited it.  *See Barbour*, 70 F.3d at 585 ("The fact that a defendant suffers a mental disability does not, by itself, render a waiver involuntary; there must be coercion by an official actor.").  As the Court reads it, however, the Motion to Suppress is actually challenging a legal requirement distinct from voluntariness, as Bishop argues that he "was neither able to comprehend the constitutional rights that he was purportedly waiving, nor was he able to appreciate what it is he was purportedly confessing to." (Doc. 24, at 3.)  Again, "an uncounselled statement must be **both** voluntary **and** made after a knowing and intelligent waiver of the *Miranda* rights to be admissible." *Miller*, 838 F.2d at 1538 (emphasis added); *see also Smith v. Zant*, 887 F.2d 1407, 1427-28 (11th Cir. 1989) (explaining that test for *Miranda* waiver has "two distinct dimensions" and that "[o]nly if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived") (citations and internal quotation marks omitted).  "There is little doubt that mental illness can interfere with a defendant's ability to make a knowing and intelligent waiver of his *Miranda* rights." *Miller*, 838 F.2d at 1539.  As such, defendant's Motion to Suppress remains in play as to the "knowing and intelligent" prong of the analysis even in the absence of allegation or evidence of police coercion or exploitation of defendant's purportedly impaired mental state (which goes to the "voluntary" prong of the analysis).

Notwithstanding the foregoing, the Court will not set this matter for evidentiary hearing at this time.  In his Unopposed Motion to Continue Hearing, defendant observes that Bishop has been transferred to a facility designated by the Bureau of Prisons for a pretrial psychiatric or psychological examination under 18 U.S.C. § 4242(a).  (*See* doc. 17.)  This development counsels against convening a hearing at this time for three reasons, to-wit: (i) Bishop wishes to attend the evidentiary hearing on the Motion to Suppress, and cannot readily do so while undergoing a competency evaluation outside this district; (ii) the results of this evaluation may have a direct bearing on competency issues relating to Bishop's ability to comprehend and appreciate his *Miranda* waiver; and (iii) the results of the evaluation may be dispositive of the case.  For these reasons, and because the Government does not oppose the request, defendant's Motion to Continue Hearing on Motion to Suppress (doc. 25) is **granted**.  The parties are **ordered** to file a joint report within **ten (10) days** after receiving the expert report of the examining mental health specialist, setting forth their positions as to whether an evidentiary hearing on the Motion to Suppress remains necessary and, if so, when it should occur.

DONE and ORDERED this 3rd day of April, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE